CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED
MAY 0 8 2009
JOHN F. CORCORAN, CLERK
BY: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| BEVERLY L. REEDY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICHAEL J. ASTRUE, ) <br> Commissioner of Social Security, ) <br> ) <br> Defendant. ) | Civil Action No. 5:08CV00072 <br><br> **MEMORANDUM OPINION** <br><br> By: Hon. Glen E. Conrad <br> United States District Judge |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). As reflected by the memoranda and argument submitted by the parties, the issues now before the court are whether the Commissioner's final decision is supported by substantial evidence, or whether there is "good cause" to necessitate remanding the case to the Commissioner for further consideration. See 42 U.S.C. § 405(g).

The plaintiff, Beverly L. Reedy, was born on January 27, 1970, and eventually completed the eleventh grade in school. Mrs. Reedy later earned a GED. Plaintiff has been employed as an assembly line worker, farm laborer, machine operator, and sanitation worker. She last worked on a regular and sustained basis in 2001. On September 17, 2004, Mrs. Reedy filed applications for disability insurance benefits and supplemental security income benefits. Plaintiff alleged that she became disabled for all forms of substantial gainful employment on December 31, 2001 due to bipolar disorder, fibromyalgia, hyperglycemia, bad nerves, anxiety, sleep apnea, and possible early Parkinson's disease. Mrs. Reedy now maintains that she has remained disabled to the present time.

As to her claim for disability insurance benefits, the record reveals that plaintiff met the insured status requirements of the Act through the fourth quarter of 2006, but not thereafter. See gen., 42 U.S.C. § 423. Consequently, Mrs. Reedy is entitled to disability insurance benefits only if she has established that she became disabled for all forms of substantial gainful employment on or before December 31, 2006. See gen., 42 U.S.C. § 423.

Plaintiff's claims were denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated April 20, 2007, the Law Judge also determined that Mrs. Reedy is not disabled. The Law Judge found that plaintiff suffers from severe impairments including degenerative disc disease of the lumbar and lumbosacral spine; fibromyalgia; lumbago; neuralgia; myalgia; and myositis. Because of these conditions, the Law Judge held that Mrs. Reedy is disabled for her past relevant work activities. However, the Law Judge determined that plaintiff retains sufficient functional capacity to perform certain forms of sedentary work activity. The Law Judge assessed plaintiff's residual functional capacity as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift and carry up to 10 pounds, stand and walk 2 hours, and sit 6 hours during an 8 hour workday, while performing only occasional stooping, kneeling, crawling and crouching. The claimant should avoid work around heights and hazardous machinery and have the ability to sit and stand at will.

( TR 22).

Given such a residual functional capacity, and after considering Mrs. Reedy's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge ruled that plaintiff remains capable of performing several specific sedentary work roles which exist in significant number in the national economy. Accordingly, the Law Judge ultimately concluded that

2

plaintiff is not disabled, and that she is not entitled to benefits under either federal program. See 20 C.F.R. §§ 404.1520(g) and 416.920(g). Sometime after the issuance of the Law Judge's opinion, plaintiff submitted additional medical evidence to the Social Security Administration's Appeals Council. However, the Appeals Council eventually adopted the Law Judge's opinion as the final decision of the Commissioner. Having exhausted all available administrative remedies, Mrs. Reedy has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is unable to conclude that the Commissioner's final decision is supported by substantial evidence. The medical record confirms that plaintiff suffers from a variety of problems, including hypoglycemia, obstructive sleep apnea, depression, and musculoskeletal problems throughout the spine, with severe and chronic pain especially in the lower back and lower extremities. Several treating physicians, including Mrs. Reedy's family doctor and two pain specialists, have concluded that plaintiff's problems are so severe as to render her disabled for all forms of regular and sustained work activity. However, the Law Judge discounted the treating physician reports and opinions, relying instead on reports from

3

nonexamining state agency physicians as well as testimony from a medical expert given at the administrative hearing.[1] In this regard, the Administrative Law Judge commented as follows:

> At the hearing, the medical expert reviewed all of the evidence of record including the treating physicians' residual functional capacity assessments. He testified that the claimant has no neurologic findings at present. He opined that she could perform sedentary work on a sustained basis. Dr. Cooke further opined that the side effects of the narcotic pain medication she uses decrease with time after an individual builds up a tolerance. The medical expert opined that the claimant could still perform sedentary work on a sustained basis excluding work around heights and dangerous machinery.
>
> Although a treating physician's opinion is entitled to be given great weight if it meets the criteria of the regulations, it does not automatically control or obviate the need to evaluate the record as a whole. Dr. Reid's and Dr. Sherry's examinations lack the appropriate medical signs and findings to support their opinions. Similarly, Dr. Audet's assessment is not fully supported by the objective findings on examination as noted by the medical expert. The medical expert's opinion takes into account and accommodates the claimant's subjective complaints to the extent that they are credible and consistent with the record as a whole, and is supported by his review of the evidence indicating no neurological deficits. His opinion is thus given great weight.

(TR 27).

As previously noted, following the Law Judge's decision, Mrs. Reedy submitted new medical evidence to the Social Security Administration's Appeals Council for consideration in connection with her request for review of the Law Judge's opinion. The new evidence includes surgical records from Rockingham Memorial Hospital as well as treatment records from the Balint Pain Management Center. These records indicate that, following the Law Judge's decision, Mrs. Reedy continued to

---

[1] In evaluating the evidence, the Law Judge found, inter alia, that the family physician's observations of significant emotional manifestations could not be credited, primarily because the doctor had found it unnecessary to refer Mrs. Reedy for psychiatric treatment. (TR 21). The Law Judge found that plaintiff does not suffer from any "severe" nonexertional impairments. See 20 C.F.R. §§ 404.1521 and 416.921. Consequently, the Law Judge did not include any emotional limitations in the hypothetical question put to the vocational expert. While the Law Judge's treatment of the nonexertional impairments presents a separate and distinct issue, see Grant v. Schweiker, 699 F.2d 189 (4th Cir. 1983), the court finds it unnecessary to consider this issue at the present time, given the court's decision to remand the instant case for other reasons.

4

receive treatment for severe and unrelenting back pain, with diagnoses of multilevel lumbar degenerative disc disease and disc herniations. In November of 2007, she underwent a trial of intrathecal narcotics. On March 3, 2008, she underwent surgery for implantation of a morphine pump. After receiving the new evidence, the Appeals Council offered the following statement in its letter adopting the Law Judge's opinion as the final decision of the Commissioner:

> In looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council. We found that this information does not provide a basis for changing the Administrative Law Judge's decision.

(TR 6-7).

This court has consistently held that if the Appeals Council ostensibly considers the new, "interim" evidence in denying review of a claim, it is incumbent on the Appeals Council to give some reasons for finding that the "interim" evidence does not justify further administrative action. See Alexander v. Apfel, 14 F.Supp. 2d 839, 843 (W.D. Va. 1998). In Stawls v. Califano, 596 F.2d 1209 (4th Cir. 1979), a case with a slightly different procedural background than the instant case,[2] the United States Court of Appeals for the Fourth Circuit ruled as follows:

> The Secretary stated that he considered all of the evidence in the record, including the post-June 30, 1962 evidence. Even assuming that schizophrenia is progressive in nature, proof that appellant was disabled due to schizophrenia after June 30, 1962 is probative of the fact that she may have been disabled due to schizophrenia before June 30, 1962, although it is not conclusive. But neither the opinion of the administrative law judge nor that of the Appeals Council indicates the weight afforded the post-June 30, 1962 evidence. As we have stated on more than one occasion, <u>the Secretary must indicate explicitly that all relevant evidence has been weighed and its weight</u>. (Emphasis added). (Citations omitted).

---

[2] In Stawls, the claimant tendered to the Appeals Council letters from several psychiatrists who had previously submitted reports in the case. The letters dealt with the onset of plaintiff's psychiatric disability. Unlike the present case, the Appeals Council in Stawls granted the request for review. The Appeals Council stated "after considering this additional evidence, the Council is of the opinion that it does not show that you were under a 'disability' which began on or before the date you were last insured and which existed continuously to a time within the effective life of your application." 596 F.2d at 1212.

5

596 F.2d at 1213. As noted by the Fourth Circuit in DeLoatche v. Heckler, 715 F.2d 148, 150 (4th Cir. 1983), "[j]udicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator." See also, Bishop v. Barnhart, 78 F. App'x 265 (4th Cir. 2003).

The court notes that the Commissioner often cites Wilkins v. Secretary, 953 F.2d 93 (4th Cir. 1991) in support of the proposition that the Appeals Council is not required to give reasons for denying a claimant's request for review. The court does not believe that the decision in Wilkins supports the Commissioner's position. In Wilkins, the Fourth Circuit held that the Commissioner must consider "interim" evidence presented to the Appeals Council, if that evidence relates to the issue of disability during the period of time adjudicated by the Law Judge. In Wilkins, the Appeals Council had considered the "interim" evidence, but denied further review without setting forth specific findings as to the weight accorded the new evidence. Upon its own consideration of the "interim" evidence, the Fourth Circuit found that the record clearly supported Wilkins' application for benefits. Accordingly, the Fourth Circuit reversed the Commissioner without requiring additional administrative proceedings.[3] The court does not believe that the decision in Wilkins speaks to the situation in which the "interim" evidence merely serves to create a conflict with other evidence already of record. In that circumstance, the court believes that it is still necessary for the

---

[3] This court has adopted the same approach in numerous social security appeals when it is clear upon review of "interim" evidence that the Commissioner's underlying decision is, or is not, supported by substantial evidence. However, the undersigned is of the opinion that this sort of analysis is not appropriate when the "interim" evidence is not conclusive and merely serves to create further conflict in the administrative record.

6

Commissioner to indicate his reasons in support of the resolution of the factual conflicts, so that the court may undertake a meaningful substantial evidence review.[4]

In the instant case, the Administrative Law Judge discounted the findings and impressions of plaintiff's treating physicians. The Law Judge concluded that their opinions as to plaintiff's disabling subjective discomfort were overstated and inconsistent with their own physical findings. Nevertheless, plaintiff's doctors have now found it necessary to undertake the relatively unusual procedure of implanting a morphine pump so as to provide plaintiff some measure of relief from her lower back pain.[5]

The court recognizes that the Appeals Council might reasonably have believed that the new medical evidence documents some worsening of Mrs. Reedy's condition and does not pertain to the period of time adjudicated by the Administrative Law Judge. The Appeals Council might also have determined that the implantation of a morphine pump is not overly significant from a medical perspective and actually indicates that Mrs. Reedy is now obtaining greater relief. On the other hand, given the Law Judge's strong reliance on the medical expert's testimony, it would seem appropriate for the trier of fact to give some reason as to why the new medical developments in Mrs. Reedy's case do not necessitate further consideration as to her residual functional ability to perform sedentary exertion, especially since the medical expert recognized the drowsiness associated with narcotic drug treatment as a complicating factor. (TR 674). In any case, however, it is clear that the submission

---

[4] The practical effect of the Wilkins decision is that "interim" evidence is to be considered as part of the record for review and not as extraneous, "new" evidence.

[5] In passing, the court cannot but help but note that while the Law Judge questioned plaintiff's credibility in claiming disability (TR 27), the medical record confirms that plaintiff has undergone several painful and invasive diagnostic and therapeutic procedures in an attempt to relieve her symptoms. Stated simply, plaintiff's medical history is not suggestive of a person who has overstated her medical complaints for the purpose of obtaining secondary gain.

7

of the new medical reports necessitates a more comprehensive and meaningful response than that submitted by the Appeals Council. Ultimately, the Law Judge denied entitlement because he found plaintiff's complaints of debilitating pain to be overstated. It simply does not seem unreasonable to expect the Appeals Council to share its reasons for concluding that the new medical developments do not necessitate any change in the Law Judge's assessment. The court finds "good cause" for remand of this case for such a purpose.[6]

Finally, the court finds it appropriate to respond to one argument made by the Commissioner in opposing remand of this case for further consideration of the new evidence submitted for the Appeals Council's review. The Commissioner correctly notes that the report documenting implantation of the morphine pump was completed almost a year after issuance of the Administrative Law Judge's opinion. However, any implication that plaintiff has in some manner attempted to impede the administrative process is unwarranted. The administrative record reveals that, prior to submitting the new reports to the Appeals Council, plaintiff's attorney requested on two separate occasions, June 27, 2007 and October 24, 2007, that the Appeals Council expedite its consideration of Mrs. Reedy's request for review. (TR 513, 514). Nevertheless, the Appeals Council still had not acted by April 25, 2008, when plaintiff submitted the new evidence generated during her continuing course of treatment. The court does not consider it especially remarkable that Mrs. Reedy would want to have all of the evidence concerning her back condition available for the Appeals Council's

---

[6] While plaintiff has argued that the proper result in this case should be a reversal of the Commissioner's decision and remand for the establishment of benefits, the court is unable to agree. The court believes that the Administrative Law Judge, based on the record submitted for his consideration, properly relied on the medical expert's testimony in concluding that Mrs. Reedy's physical findings were not consistent with the existence of a disabling level of subjective discomfort. See Craig v. Chater, 76 F.3d 585 (4th Cir. 1996). It remains to be determined, however, whether the medical expert would entertain the same opinion, given what has now occurred in plaintiff's case.

8

review in determining whether to adopt the Law Judge's opinion as the final decision of the Commissioner.

For the reasons stated, the court finds that plaintiff has established "good cause" for remand of her case to the Commissioner for further development and consideration. Given the court's disposition, the court finds it unnecessary to consider plaintiff's alternate motion for remand for consideration of new evidence developed in connection with treatment of plaintiff's psychiatric condition. An appropriate order of remand will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This ___8th___ day of May, 2009.

_____
United States District Judge